# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY BARNO, an individual<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, a corporation; and JOHN DOE, an individual, and<br>DOES 2 TO 10, Inclusive,<br><br>    Defendants. | Case No.: 3:20-cv-00780-WQH-BLM<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>**[ECF NO. 10]**<br><br>Hon. William Q. Hayes<br>Hon. Barbara L. Major<br><br>Complaint Filed: January 6, 2020<br>Trial Date: Not yet set |

In order to protect confidential information obtained by the parties in connection with this case, the parties, by and through their respective undersigned counsel and subject to the approval of the Court, hereby agree as follows:

1. Any party or non-party may designate as "Confidential Information" (by stamping the relevant page(s) or as otherwise set forth herein) any documents or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, proprietary, sensitive, confidential business or financial information, or otherwise deemed to be confidential.

2. A party or non-party may designate information disclosed during a

1
**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**
3:20-cv-00780-WQH-BLM

1  deposition or in response to written discovery as "Confidential" by so indicating in
2  said responses, on said documents, and/or on the record at the deposition and
3  requesting the preparation of a separate transcript of such material. In addition, a
4  party or non-party may designate in writing, within thirty (30) days after receipt of
5  said responses or of the deposition transcript for which the designation is proposed,
6  that specific pages of the transcript and/or specific responses be treated as
7  "Confidential Information." Any party may object to such designation, in writing or
8  on the record. Upon such objection, the parties shall follow the procedures described
9  in Paragraph 7 below. After any designation made according to the procedure set
10 forth in this paragraph, the designated documents or information shall be treated as
11 Confidential Information until the matter is resolved according to the procedures
12 described in Paragraph 7 below.
13     3.    All Confidential Information produced or exchanged in the course of
14 this case shall be used by the party or parties to whom the information is produced
15 solely for the purpose of this case only. Confidential Information shall not be used for
16 any commercial, competitive, personal, promotional, media-related, or other purpose.
17     4.    Except with the prior written consent of the other parties, or upon prior
18 order of the Court, Confidential Information shall not be disclosed to any person
19 other than:
20         a)   counsel for the respective parties to this litigation, including in-
21 house counsel, insurers, and co-counsel retained for this litigation;
22         b)   employees of such counsel;
23         c)   individual parties or officers or employees of a party, to the extent
24 deemed necessary by counsel for the prosecution or defense of this litigation;
25         d)   consultants or expert witnesses retained for the prosecution or
26 defense of this litigation, provided that each such consultant or expert witness shall
27 execute a copy of the Certification annexed to this Order (which shall be retained by
28 counsel to the party so disclosing the Confidential Information and made available

for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information. If a designating party chooses a consultant or expert employed by an opposing party or one of its competitors, the designating party shall notify the opposing party, in writing at least thirty (30) days before disclosing any Confidential Information to the consultant or expert and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

   e) any authors of the Confidential Information;

   f) the Court, court personnel including members of the jury and court reporters in this matter; and

   g) witnesses (other than persons described in Paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed, and confidential documents may be shown, to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to Paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

 5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Information to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party whose material was inadvertently disclosed. If a party has actual knowledge that Confidential Information

is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed.

6. If a party produces materials designated Confidential Information in compliance with this Order, that production shall be deemed to have been consistent with any confidentiality or privacy requirements mandated by local, state or federal laws.

7. If a party contends that any material is not entitled to confidential treatment, such party may at any time before trial give written notice to the party or non-party who designated the material. In the event that the parties cannot reach agreement concerning the confidentiality of the item, the party or non-party who designated the material shall apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

8. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

   a) the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

   b) the Court rules the material is not Confidential Information.

9. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of this litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents

within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

10. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

11. In the event a party seeks to attach Confidential Information as an exhibit to any deposition or submit Confidential Information as part of a motion, affidavit, declaration, memoranda or other pleading, the submitting party and the designating party agree to meet and confer in an effort to resolve any confidentiality issues raised by the submission, including any addition of the information onto PACER. It is the intent of this provision to preserve the confidential nature of any document labeled as such regardless of its use and to prevent the disclosure in any publically-accessible medium, including but not limited to PACER.

12. <u>Filing Under Seal</u>: Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. No document may be filed under seal, i.e., closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative

Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. **In addition, in accordance with Judge Major's preferences, a party must file a 'public' version of any document that it seeks to file under seal. In the public version, the party may redact only that information that is deemed 'Confidential.' The party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request.**

13. Confidential Information shall be available for use at trial, however any party that intends to use at trial, in any manner, such Confidential Information, shall meet and confer with the designating party no less than seven (7) days before the deadline for motions in limine in an effort to prevent or resolve any confidentiality issues raised by the given anticipated use or uses of the Confidential Information at trial. The intent of this provision is to allow the parties an opportunity to determine the most efficient and equitable means of introducing Confidential Information at trial while also preserving its confidential nature. The timing of the meet and confer is intended to enable the parties to seek judicial intervention, if necessary, regarding these issues.

14. The use or introduction at the time of trial of Confidential Information that has not been the subject of a court order or a motion to seal does not release any signatories to the attached Certification from their obligations thereunder nor shall the designating party be deemed to have waived the confidential nature of the document or information.

15. <u>Continuing Jurisdiction</u>: The Court shall retain jurisdiction for a period of one (1) year after the conclusion of this action to enforce the terms of the Protective Order.

/ / /

/ / /

16. <u>Modification of the Protective Order by the Court</u>. The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time during these proceedings

I hereby consent and stipulate to the terms of the Protective Order as set forth above.

Dated: May 12, 2020                        SWIGART LAW GROUP, APC


By:  */s/ Joshua Swigart*
       Joshua B. Swigart, Esq.
       Attorney for Plaintiff,
       ASHLEY BARNO


Dated: May 12, 2020                        WILSON ELSER MOSKOWITZ
                                           EDELMAN & DICKER, LLP

By:  */s/ Patrick Kearns*
       Patrick J. Kearns, Esq.
       Jessica R. K. Dorman, Esq.
       Attorneys for Defendant,
       AMERICAN AIRLINES, INC.


## **ORDER**

**IT IS SO ORDERED** that the above Protective Order be entered in this matter.

Dated: 5/13/2020

Hon. Barbara L. Major
United States Magistrate Judge

# **CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order Regarding Confidential Information entered on May __, 2020, in the Southern District of California, *Ashley Barno v. American Airlines, Inc.,* Case No. 3:20-cv-00780-WQH-BLM ("Order"). I have been given a copy of that Order and certify that I have read it.

I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Confidential Information.  I hereby consent to the jurisdiction of the Southern District of California for the purpose of enforcing the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this _____ day of _____, 202_, at _____, California.

By:_____

Print:_____

Address:_____

_____

Phone:_____